UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In Re | ) | Bankruptcy No. 16-15814-TWD |
| | ) | **(Lead Case)** |
| Lodge Holdings Company, | ) | |
| | ) | Bankruptcy No. 16-15849-TWD |
| Mukilteo Lodge, LLC, | ) | Bankruptcy No. 16-15850-TWD |
| Kirkland Lodge, LLC, | ) | Bankruptcy No. 16-15851-TWD |
| Stadium Lodge, LLC, | ) | Bankruptcy No. 16-15852-TWD |
| Downtown Lodge, LLC, | ) | Bankruptcy No. 16-15853-TWD |
| Mill Creek Lodge, LLC, | ) | Bankruptcy No. 16-15854-TWD |
| Greenwood Lodge, LLC | ) | **(Jointly Administered Cases)** |
| | ) | |
| Debtors. | ) | STIPULATED ORDER AUTHORIZING |
| | ) | INTERIM USE OF CASH |
| | ) | COLLATERAL AND ADEQUATE |
| | ) | PROTECTION PAYMENT |

THIS MATTER having come before this Court upon the motion (the "**Motion**") of Lodge Holdings Company ("**Holdings"**), the debtor-in-possession herein, pursuant to 11 U.S.C. §§105(a), 363(c)(2), seeking interim authority to use cash collateral (Dkt. ___); the Court having considered the pleadings and files herein, having heard argument of counsel, if any, and being fully advised in the premises; the Court hereby makes the following preliminary findings of fact and conclusions of law.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

a. On November 18, 2016 (the "**Petition Date**"), Holdings filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code. On

STIPULATED ORDER AUTHORIZING INTERIM USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION
PAYMENT - 1

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 1 of 9

November 21, 2016, various of Holdings' subsidiaries (the "**Subsidiaries**") filed voluntary petitions pursuant to Chapter 11 of Title 11 of the United States Code.[1] The bankruptcy cases of Holdings and its Subsidiaries have been administratively consolidated and this case is the lead case.

    b.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions, and the Court has authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

    c.    Holdings is the parent company of the Subsidiaries, which own and operate restaurants in various locations in Washington. Holdings and the Subsidiaries use a communal cash management system and as of the Petition Date, Holdings held approximately $7,500 in cash, and, together with Subsidiaries, $760,000 in inventory.

    d.    On or around June 10, 2016, CBC Partners I, LLC (hereinafter referred to as "**CBC**") extended a non-revolving credit (the "**Loan**") to Holdings and its Subsidiaries (collectively, the "**Debtors**"), evidenced, in part, by that certain Secured Promissory Note dated as of June 10, 2016, in the stated principal amount of Eight Hundred Twenty-Five Thousand Dollars ($825,000) (as amended from time to time, the "**Note**"), plus accrued interest at a fixed rate of thirteen and one half percent (13.5%).

    e.    Debtors' obligations under the Loan are secured by a first-priority security interest in favor of CBC in and to all of Debtors' presently owned and thereafter acquired inventory, accounts, general intangibles, rights to payment, and equipment, together with all products and proceeds of the foregoing (as more fully described in the Agreement, the "**Collateral**") owned by Holdings and Mukilteo Lodge, LLC (the "**Subject Debtors**"). CBC also holds a security interest in Collateral owned by Kirkland Lodge, LLC, Stadium Lodge,

---

[1] *In re Mukilteo Lodge, LLC*, Cause No. 16-15849; *In re Kirkland Lodge, LLC*, Cause No. 16-15850, *In re Stadium Lodge, LLC*, Cause No. 16-15851; *In re Downtown Lodge, LLC*, Cause No. 16-15852; *In re Mill Creek Lodge, LLC*, Cause No. 16-15853; and *In re Greenwood Lodge, LLC*, Cause No. 16-15854

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 2

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 2 of 9

LLC, Downtown Lodge, LLC, Mill Creek Lodge, LLC, and Greenwood Lodge, LLC, the priority of which has not been established. The relative lien priorities of CBC and other secured creditors with respect to inventory, accounts and general intangibles are set forth on Schedule A hereto.

f. CBC filed UCC-1 financing statements with the Washington Department of Licensing on July 26, 2016, under file number 2016-208-8376-3, with respect to the Collateral owned by Holdings; on June 10, 2016, under file number 2016-162-7334-9, with respect to the Collateral owned by Downtown Lodge LLC; on June 10, 2016, under file number 2016-162-7335-6, with respect to the Collateral owned by Greenwood Lodge LLC; on June 10, 2016, under file number 2016-162-7336-3, with respect to the Collateral owned by Kirkland Lodge, LLC; on June 10, 2016, under file number 2016-162-7337-0, with respect to the Collateral owned by Mill Creek Lodge LLC; on June 10, 2016, under file number 2016-162-7338-7, with respect to the Collateral owned by Mukilteo Lodge LLC; and on June 10, 2016, under file number 2016-162-7344-8, with respect to the Collateral owned by Stadium Lodge LLC (collectively, the "**Lien**").

g. The Note and all other documents, instruments, amendments, modifications, and agreements relating to, and expressly referencing the Loan shall collectively be referred to herein as the "**Loan Documents**."

h. The Loan, as amended, will mature by its terms on June 10, 2017. Debtors remain indebted to CBC for the unpaid principal balance owing on the Note in the amount of $850,000, plus interest together with attorney's fees, costs, and other expenses owing under the Loan Documents.

i. Debtors assert that all of the estates' revenue is derived from proceeds of sale of inventory, which, together with all of the estates' cash on hand as of the date of filing and any post-petition proceeds of CBC's pre-petition collateral, constitute cash collateral (the "**Cash Collateral**") as defined in 11 U.S.C. § 363(a).

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 3

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 3 of 9

j. The Court has found that Debtors' estate has immediate and continuing need for the use of the Cash Collateral to avoid immediate and irreparable harm to their businesses and the Collateral. Without the ability to use the Cash Collateral, the estates will be unable to pay ongoing ordinary expenses relating to the continued operation of the businesses.

k. Authorization of this interim use of Cash Collateral in accordance with the interim budget attached hereto as Exhibit A (the "**Interim Budget**") is in the best interests of the estates and is necessary for the estates to avoid immediate and irreparable harm pending a final hearing.

## **ORDER**

Based upon the foregoing findings and conclusions, it is hereby ORDERED as follows:

1. Debtors are authorized to use Cash Collateral as set forth in the Interim Budget; provided, however, that such authority shall expire on March 31, 2017, unless extended by further order of this Court.

2. Subject to the terms, conditions and limitations of this Order, Debtors are authorized to incur and timely pay only the operating expenses identified in the Interim Budget and may incur such obligations and make such payments, without further approval of the CBC or this Court, provided that Debtors shall not use Cash Collateral to pay any pre-petition expense or obligation of any person or entity except for the Subject Debtors' adequate protection payments provided herein and the amount subject to turnover to the State of Washington, Department of Revenue as provided in the Court's Order dated December 11, 2016 (Dkt. 37), and shall otherwise only use Cash Collateral to pay post-petition expenses and obligations directly relating to the preservation and protection of the Collateral and operation of Debtors' businesses.

3. Debtors shall be in compliance with their obligations related to the Interim Budget so long as the actual expenditures paid with Cash Collateral do not exceed the corresponding expense line item set forth in the Budget by more than ten percent (10%), and

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 4

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 4 of 9

the total amount of Cash Collateral used does not exceed the total amount set forth in the Budget for all expenses by more than five percent (5%) of the overall Budget on a monthly basis.

4. CBC shall retain all of its pre-petition security interests in all pre-petition collateral, including, without limitation, the Cash Collateral. Debtors are authorized and directed to provide adequate protection of CBC's interests in the Cash Collateral as set forth in this Order, by the Subject Debtors making monthly combined adequate protection payments of $9,590.63 on the first business day of each month, and by all Debtors granting CBC replacement liens in the Collateral, Cash Collateral, and proceeds of the Cash Collateral (collectively, the "**Replacement Liens**"), in the same order and priority as existed pre-petition.

5. On an interim basis, the Replacement Liens shall be valid, perfected and enforceable security interests and liens on the Cash Collateral and post-petition proceeds thereof without further filing or recording of any document or instrument or any other action. No further documentation shall be necessary to evidence or perfect the lien or to give notice to third parties of the same.

6. On a monthly basis, Debtors shall also provide CBC and its counsel with a statement showing payments by budgeted line item and deviations (both positive and negative) from the Interim Budget for the prior monthly period as well as such other information pertaining to the Collateral and Cash Collateral as CBC in its reasonable discretion may reasonably require. Debtors shall in all other respects continue to provide CBC with the reporting Debtors are required to provide to the Court pursuant to the Loan Documents, Fed. R. Bankr. P. 2015 and Local Bankruptcy Rule 2015. If the United States Trustee monthly operating report satisfies the above report to CBC, CBC may accept such report in lieu of a separate report.

7. During the term of this Order, CBC shall also be entitled to request and receive any and all additional operational or financial information or documents pertaining to the

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 5

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 5 of 9

Collateral and Cash Collateral. Debtors shall reasonably cooperate with CBC and its representatives in providing full and reasonable access to the Collateral, the Cash Collateral, the estates' financial condition, assets, liabilities and prospects, including, without limitation, and after reasonable notice, physical inspection of the property and Debtors' books and records by CBC or its designated representatives.

8. Debtors shall otherwise comply in all respects with the provisions of the Loan Documents to the extent practicable and consistent with the Bankruptcy Code and Bankruptcy Rules. Debtors shall permit CBC free and unfettered reasonable business-hour access to all books, records and information relating to the estates' full and timely post-petition compliance with its obligations under the Loan Documents, including, without limitation, access to information and records concerning the maintenance of insurance, reserve accounts for capital expenditures, taxes and insurance and other protection of the Collateral.

9. Nothing contained in this Order shall be construed in any form as (i) consent by CBC to any use of Cash Collateral or the Collateral, other than the specific uses authorized and described in this Order, the Interim Budget and only during the duration of this Order; (ii) a commitment by CBC to provide financing to defray expenses arising during or after the Interim Budget period nor as imposing any liability on CBC to any third party; or (iii) consent by CBC to a carve-out from its Cash Collateral for amounts owing for professional fees and costs incurred by Debtors and their authorized professionals.

10. This Order shall take effect upon entry by the Court. Nothing contained in this Order shall prejudice any party's rights to apply for an order prospectively modifying this Order on appropriate grounds and after notice and opportunity for a hearing, or prejudice any party's rights and arguments at the final hearing.

11. Except as otherwise specifically provided herein and under the Bankruptcy Code, nothing in this Order shall be deemed a waiver of any rights that CBC may have under applicable law or under the Loan Documents. Any rights granted to CBC in this Order are in

STIPULATED ORDER AUTHORIZING INTERIM USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION
PAYMENT - 6

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 6 of 9

addition to, and not intended as a waiver or substitution for, any rights, remedies, liens or security interest granted under the Loan Documents or the right to additional adequate protection under 11 U.S.C. § 363, CBC reserves all claims and defenses with respect to the priority of its security interest, and reserves all rights and remedies against non-debtor parties.

12. All notices, request and demands which any party is required or may desire to give to any other party under the provisions of this Order must be in writing and delivered to each party at the following address:

| | |
|---|---|
| If to Debtors: | Larry B. Feinstein<br>Vortman & Feinstein<br>520 Pike Street, Suite 2250<br>Seattle, WA 98101<br>Email: feinstein1947@gmail.com |
| If to CBC: | Gregory R. Fox<br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4200<br>Seattle, WA 98101-2338<br>Email: foxg@lanepowell.com |
| If to the US Trustee: | Kathryn E Perkins<br>Office of the United States Trustee<br>700 Stewart Street, Suite 5103<br>Seattle, WA 98101<br>Email: kathryn.e.perkins@usdoj.gov |

or such other address as any party may designate by written notice to all other parties. Each notice, request and demand shall be deemed given or made as follows (a) if sent by e-mail or facsimile transmission, upon receipt; or (b) if sent by mail, upon the earlier of the date of receipt or three (3) business days after deposit in U.S. mail.

13. In the event Debtors fail to comply with the terms of this Order, CBC shall thereupon have the right, but not the obligation, to send written notice via facsimile or e-mail transmission to Debtors' counsel of the default, and unless such default is cured within five (5) business days following delivery of such notice, Debtors' right to use cash collateral as provided hereunder shall terminate automatically without further order of this Court.

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 7

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

126390.0019/6826506.3

Case 16-15814-TWD    Doc 48    Filed 12/21/16    Ent. 12/21/16 22:04:09    Pg. 7 of 9

Notwithstanding the foregoing, Debtors may, on shortened notice, file a motion with the Court contesting the default or to determine the adequacy of any tendered cure, in which case the right to utilize cash collateral may be renewed at the hearing on the motion, subject to the requirements of 11 U.S.C. § 363. The burden at such hearing shall be on Debtors. Notwithstanding the foregoing, CBC's failure or decision not to immediately or otherwise send a notice of default in the event of a default hereunder shall in no way be deemed or construed as a waiver of any rights or remedies granted it hereunder or pursuant to the terms of the Loan Documents, with all such rights and remedies being expressly reserved.

14. A first hearing on this Ex Parte Order shall be set for 9:30 on January 6, 2017 at 9:30; and a hearing on a final order authorizing use of the Cash Collateral shall be held on February 6, 2017, at 9:30 a.m.

### End of Order ###

Presented by:

VORTMAN & FEINSTEIN

By /s/ Larry B Feinstein
   Larry Feinstein, WSBA #6074
Attorneys for Debtor-in-Possession

Approved as to form;
Notice of Presentation Waived:

LANE POWELL PC

By /s/ Gregory R Fox
   Gregory R. Fox, WSBA No. 30559
   Skyler M. Tanner, WSBA No. 46304
Attorneys for CBC Partners I, LLC

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 8

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## SCHEDULE A

[FILINGS AGAINST INVENTORY,
ACCOUNTS RECEIVABLE AND GENERAL INTANGIBLES[2]]

| Debtor | Secured Party | Filing Date | Filing Number |
|---|---|---|---|
| Lodge Holdings Company | CBC Partners I, LLC | 07/26/2016 | 2016-208-8376-3 |
| Mukilteo Lodge, LLC | American Express Bank, FSB | 03/03/2015 | 2015-062-4257-8 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7338-7 |
| Kirkland Lodge, LLC | IRS, CCP LienUnit | 03/17/2014 | 2014-076-0239-6 |
| | IRS, CCP LienUnit | 03/18/2014 | 2014-078-0988-7 |
| | IRS, CCP LienUnit | 05/07/2014 | 2014-128-3138-5 |
| | IRS, CCP LienUnit | 11/13/2014 | 2014-317-6196-0 |
| | IRS, CCP LienUnit | 05/27/2015 | 2015-148-5575-3 |
| | American Express Bank, FSB | 12/30/2015 | 2015-364-6716-3 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7336-3 |
| | IRS, CCP LienUnit | 08/16/2016 | 2016-229-3356-5 |
| Stadium Lodge, LLC | IRS, CCP LienUnit | 11/26/2014 | 2014-330-9232-1 |
| | IRS, CCP LienUnit | 07/14/2015 | 2015-196-7265-2 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7344-8 |
| | IRS, CCP LienUnit | 09/15/2016 | 2016-229-3358-9 |
| | IRS, CCP LienUnit | 11/01/2016 | 2016-306-1663-4 |
| Downtown Lodge, LLC | Executive Hotel Seattle, LLC | 05/07/2014 | 2014-127-3017-6 |
| | IRS, CCP LienUnit | 10/21/2015 | 2015-294-0378-9 |
| | IRS, CCP LienUnit | 10/29/2015 | 2015-302-2558-5 |
| | IRS, CCP LienUnit | 02/05/2016 | 2016-039-6605-6 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7334-9 |
| | IRS, CCP LienUnit | 06/14/2016 | 2016-167-8208-7 |
| | IRS, CCP LienUnit | 08/16/2016 | 2016-229-3359-6 |
| Mill Creek Lodge, LLC | IRS, CCP LienUnit | 01/20/2016 | 2016-020-1934-0 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7337-0 |
| | IRS, CCP LienUnit | 06/14/2016 | 2016-167-8209-4 |
| | IRS, CCP LienUnit | 08/16/2016 | 2016-229-3360-2 |
| | IRS, CCP LienUnit | 11/01/2016 | 2016-306-1664-1 |
| Greenwood Lodge, LLC | IRS, CCP LienUnit | 05/10/2016 | 2016-131-9427-2 |
| | CBC Partners I, LLC | 06/10/2016 | 2016-162-7335-6 |
| | IRS, CCP LienUnit | 06/22/2016 | 2016-174-0116-1 |
| | IRS, CCP LienUnit | 11/01/2016 | 2016-306-1665-8 |

---

[2] As of November 28, 2016

STIPULATED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT - 9

126390.0019/6826506.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107