Judge Timothy Dore
Chapter 11
Hearing: January 6, 2017, at 9:30 a.m.
Response: December 30, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re<br><br>Lodge Holdings Company,<br><br>Mukilteo Lodge, LLC,<br>Kirkland Lodge, LLC,<br>Stadium Lodge, LLC,<br>Downtown Lodge, LLC,<br>Mill Creek Lodge, LLC,<br>Greenwood Lodge, LLC<br><br>Debtors. | Bankruptcy No. 16-15814-TWD<br>**(Lead Case)**<br><br>Bankruptcy No. 16-15849-TWD<br>Bankruptcy No. 16-15850-TWD<br>Bankruptcy No. 16-15851-TWD<br>Bankruptcy No. 16-15852-TWD<br>Bankruptcy No. 16-15853-TWD<br>Bankruptcy No. 16-15854-TWD<br>**(Jointly Administered Cases)**<br><br>RESPONSE TO STATE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE OR DISMISS CASE(S) |

COMES NOW THE DEBTOR(S), by and through their attorney of record, Larry B. Feinstein, and responds as follows to the State's Motion to Appoint a Chapter 11 Trustee or to Dismiss Case(s). For purposes of this Response, Lodge Holdings Company, Mukilteo Lodge LLC, Kirkland Lodge LLC, Stadium Lodge LLC, Downtown Lodge LLC, Mill Creek Lodge LLC, and Greenwood Lodge LLC will hereafter be referred to collectively as "Debtor" unless otherwise indicated.

The Motion focuses on the past actions of the principals of the Debtor, Shawn Roten and Elizabeth Stewart-Roten as they personally sought bankruptcy relief for one of their past businesses and individually in 2009. At that time, Mr. Roten was a contractor, building spec homes. The purchase of materials and supplies for the construction of spec homes is exempt from state sales taxes, which are collected from

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 1 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

the sale of the home. When the real estate market crashed in 2008/09 and Mr. Roten had several spec homes under construction, those homes were foreclosed by the underlying construction lenders in the crash. The Department of Revenue then assessed to Mr. Roten personal liability for the unpaid sales taxes on the materials purchased for the construction of the [foreclosed] homes. As such, the Department now contends that because of Mr. Roten's "past history" of non-payment of state sales taxes, he should be now barred seven years later from reorganization of his restaurant business.

After the real estate market crash, the Rotens in created The Lodge Sports Grille. Each location is designed from the ground up to reflect the location, all built by hand by Mr. Roten, his son, Shawn Roten, Jr., and the rest of his team. The restaurants started as an idea in 2007 with the Mukilteo Lodge, and it has grown to include now six locations (with Mr. and Mrs. Roten's membership interests in the LLCs held by Lodge Holdings Company).[1] The company grew very quickly and in order to fund the expansion, the Debtor entered into various lending agreements with those creditors listed on Amended Schedule D, filed herein (Docket #s 50 to 56). Those lending agreements funded completion of the existing restaurants, but also future locations not yet opened. The construction loans on new locations were collateralized upon the existing locations, and the funds were disbursed among the current six companies.

---

[1] At the time of filing there were two other locations nearly complete: West Seattle Lodge, LLC, which opened in November, and Renton Lodge, LLC, which is scheduled to open in 2017. Plans for any other future restaurants have been put on hold for the time being.

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 2 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 2 of 9

Those loans between entities are also listed in the Amended Schedules.

The 2009 bankruptcy petitions filed by Mr. and Mrs. Roten and on behalf of their former company were unrelated to their current restaurant businesses or the present situation regarding their individual tax obligations. It had everything to do with the nationwide housing collapse, as mentioned above. Mr. Roten built five homes for Belair Mortgage at wholesale with a resale certificate. The State did not accept the resellers' certificate, and asserted that Mr. Roten was responsible for the entire amount even though he did not collect it. The State agreed to accept the $500 monthly payment, and in ten years' time, the debt would be waived. Mr. and Mrs. Roten have addressed their individual tax obligation and it has no bearing on the feasibility of the cases before this Court.

Between the previous bankruptcy and the present, Mr. and Mrs. Roten put their energies towards the restaurant business. In June 2015, they decided to bring in an investor, Vien Bui of Tonnu Properties, to help them get caught up on taxes, to pay the ongoing operating expenses, and to help with construction costs for new restaurants. From November to April 2016, almost $500,000 of back taxes was paid toward the Mukilteo Lodge debt. The goal was to pay each Lodge account current by December 2017. However, in April 2016, Mr. Bui had issues related to health and he had to pull out of the agreement to invest in Lodge Holding Company's assets. Unfortunately, the new construction projects had already begun, and there was no means available to return his investment. This also created future difficulties, as they had begun this course

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 3 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 3 of 9

of action believing they would be fully funded through the expansion.

Between December and July, the Debtor paid over $100,000 in DOR late fees between because of lack of construction funding and the underfunding of its operating expenses. During this same period, they paid $175,290 in bank check fees due to lack of operating funds after Mr. Bui withdrew his support. In June, the Debtor borrowed $800,000 from CBC Financing (net $700,000 after fees) and those funds were used to pay $300,000 in taxes; $300,000 towards new construction; and $100,000 towards operating expenses of the current restaurants.

Yes, the Debtor has incurred significant debts as reflected in its Amended Schedules; the Company grew too fast too quickly, and the Debtor found itself overwhelmed and in need of reorganization after the loss of a major investor and finding itself unable to obtain additional financing. After significant consideration, Lodge Holdings Company filed its petition on November 18, 2016, and the remaining entities filed their petitions on November 21, 2016. However, since filing, the Debtor has begun taking steps to correct past wrongs. They have reevaluated their proposed expansions and have eliminated inter-company loans. <u>As a result, each entity is now self-sufficient and operating as distinct limited liability companies, rather than as separate locations of a sole proprietorship</u>. Several of these measures have been in the works for weeks, even months, prior to filing, only the benefit came too late to prevent the current filings.

When the bankruptcies were filed, the most recent available financial data was from October 2016, as shown on the Amended Schedules. The latest financial data now

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 4 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 4 of 9

available is from November, and they are attached as exhibits hereto and made a part hereof by reference. While the total liabilities of all the companies are roughly $6.02 million, the gross sales of the company in 2015 were $10 million, and 2016 is estimated to be around $12 million (see Statement of Financial Affairs, question #1, for Lodge Holdings Company which shows the cumulative data for all LLCs). At their heart, the Debtor operates as a family orientated small business or sole proprietorship, and they lacked the resources to handle a multi-million-dollar company. These proceedings have brought those deficiencies to light and the Debtor is entitled to the breathing room it needs (and which a Chapter 11 petition provides) to adapt and change.

The Debtor has undergone a massive shift in how it views itself. While family will always be at the center of the Company, the Debtor cannot continue to operate how it did prepetition and expect its problems to resolve itself. It will take hard work on behalf of Mr. and Mrs. Roten, their children, and the rest of the staff of the six entities. The Debtor has begun this process by separating each Lodge's accounting from the others. Each now functions as a distinct entity and there are no further cross payments between companies. These cross payments stopped as of the date of filing (which created accounts receivables for most of the LLCs for short term inter-company loans). No longer will bills be paid by "whatever" account has funds on a particular day, but each LLC's debts will be paid by that LLC. Additionally, no future construction costs for new locations will be paid by the existing individual debtor LLCs.

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 5 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 5 of 9

Most importantly, the Debtor is actively interviewing for a full time bookkeeper. The accounting prepetition had been done exclusively by Mr. Roten, who also worked in the restaurants on a daily basis, filling in where needed. He has managed the Debtor as best as he was able, but he cannot be everywhere at once. (His daughter, Danielle Roten, was employed as a bookkeeper to handle payroll and vendor payments, among other things. The new bookkeeper will not be a member of Mr. Roten's immediate family.) Having a bookkeeper will assist Mr. Roten in monitoring the financial aspects of the entire Company. The bookkeeper will oversee compliance with the requirements of a debtor in Chapter 11, and he or she will be responsible for submitting the monthly financial reports. The Debtor will benefit significantly from having a third party monitor its finances, without having to incur the costs associated with an attorney appointed as Chapter 11 Trustee.

The Debtor is operating, viable, and a perfect candidate for a Chapter 11 reorganization under the Bankruptcy Code. The Debtor intends to put forth a feasible plan that will pay back the State and the IRS (among its other creditors), allowing it to restructure the debts of its associated entities as well as the parent corporate body to maximize said recovery for all creditors. All trust fund withholding is current post-petition; however, the prepetition debt, as asserted by the State, is admittedly large, but not so large that payment cannot be accomplished within a reasonable time under a Chapter 11 Plan.

On the day of filing, the Department of Revenue had levied the Debtor's

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 6 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 6 of 9

merchant accounts, which created an extreme difficulty in the payment of everyday operating expenses. With the accounts levied, customers could not pay with a credit or debit card, which comprises the majority of the Debtor's business. The Department of Revenue had seized and were holding approximately $88,929.36. The bankruptcy filing was necessary to allow the use of operating funds for food, payroll, rent, utilities, etc. to operate the 6 restaurants, which brought these issues to a head.

The Debtor has successfully negotiated the release of those funds on the condition that the Department of Revenue retain half of the funds immediately and that the other half was due prior to the December 23, 2016. Those payments were made on time and have been accepted by the DOR. The Debtor's tax obligations to the Washington State Taxing Agencies and the Internal Revenue Service are current post-petition. Pursuant to the settlement agreement with the DOR, the Debtor has been making weekly deposits as of Friday Dec. 2nd, and will continue to do so each Friday thereafter (pending further order of the Court or a Plan).

The post-petition period is remarkably short in this case and includes two major holidays. Accordingly, the most recent data available on the six locations plus Lodge Holdings Company is through November 30, 2016. As shown in the attached Exhibits, across all six locations, all but Downtown Lodge, LLC is showing a modest profit, and that LLC's loss is only - $1,579.64. Overall, and even with a loss in one location, the company has an overall profit of $7,113.36 from November 22nd to November 30th, 2016. The past month demonstrates that the Debtor is capable of paying its secured

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 7 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 7 of 9

creditors, tax obligations, landlords, and employees, and doing so on time, without the necessity of a Chapter 11 Trustee being appointed. Such an appointment would be unnecessary and redundant. Likewise, dismissal is not warranted under the circumstances either. There is a strong likelihood that this Debtor will be able to successfully reorganize if this case is allowed to proceed. The case is just over a month old. The Meeting of Creditors was only just held on December 28, 2016.

Each location is paying its own operating expenses; no funds are being "loaned" between the LLCs or being used to fund construction on new locations; post-petition rents are current; and post-petition tax obligations are current. The Debtor has also initiated other actions to maximize its profits, including more effective management of labor and fixed costs, lowering bank fees, and eliminating late fees. The Debtor can and will reorganize its debts through a Plan, such that no further reorganization will be needed in the future.

For the foregoing reasons, the State's Motion to Appoint a Chapter 11 Trustee or Dismiss Case must be denied.

Dated this 29th day of December, 2016.

/s/ Larry B. Feinstein
Larry B. Feinstein, WSBA #6074
Attorney for Debtor

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 8 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595

Case 16-15814-TWD    Doc 62    Filed 12/29/16    Ent. 12/29/16 14:44:25    Pg. 8 of 9

# DECLARATION OF SHAWN ROTEN

I, Shawn Roten, duly sworn upon oath under penalty of perjury under the laws of the State of Washington, declare and state as follows:

I am the President of Lodge Holdings Company and the Managing Member of Mukilteo Lodge LLC, Kirkland Lodge LLC, Stadium Lodge LLC, Downtown Lodge LLC, Mill Creek Lodge LLC, and Greenwood Lodge LLC. I hereby affirm and incorporate by reference the facts contained in the above Response. Said facts are true and correct to the best of my knowledge and/or belief. Attached hereto and made a part hereof are the following documents that have been created either by myself or my staff:

1. Cumulative Profit and Loss Statement for All LLCs
2. Cumulative Balance Sheet for All LLCs
3. System Sales Summary for each restaurant for November 22nd through 30th, 2016

Dated this 29th day of December, 2016.

/s/ Shawn Roten
Shawn Roten, as representative
for all Debtors

RESPONSE TO MOTION TO APPOINT
TRUSTEE OR DISMISS CASE
PAGE 9 OF 9

LARRY B FEINSTEIN
VORTMAN & FEINSTEIN
520 PIKE ST., STE 2250
SEATTLE, WA 98101
206.223.9595