THE HONORABLE TIMOTHY W. DORE
Chapter 11
Date: January 6, 2017
Time: 9:30 a.m.
Response Date: January 4, 2017
Location: Courtroom 8106

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re<br><br>Lodge Holdings Company,<br><br>Mukilteo Lodge, LLC,<br>Kirkland Lodge, LLC,<br>Stadium Lodge, LLC,<br>Downtown Lodge, LLC,<br>Mill Creek Lodge, LLC,<br>Greenwood Lodge, LLC<br><br>Debtors. | Bankruptcy No. 16-15814-TWD<br>**(Lead Case)**<br><br>Bankruptcy No. 16-15849-TWD<br>Bankruptcy No. 16-15850-TWD<br>Bankruptcy No. 16-15851-TWD<br>Bankruptcy No. 16-15852-TWD<br>Bankruptcy No. 16-15853-TWD<br>Bankruptcy No. 16-15854-TWD<br>**(Jointly Administered Cases)**<br><br>CBC PARTNERS' RESPONSE IN SUPPORT OF MOTION FOR EMERGENCY ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION PAYMENT |

## I. INTRODUCTION & RELIEF REQUESTED

CBC Partners I, LLC ("**CBC**"), by and through its undersigned counsel, hereby files this response in support of the Motion for Emergency Order Authorizing Interim Use of Cash Collateral and Adequate Protection Payment and Setting Final Hearing (the "**Cash Collateral Motion**") filed by the above-captioned debtors (collectively, the "**Debtors**"). CBC respectfully requests that the Court enter the Debtors' proposed form of order attached to the Cash Collateral Motion.

RESPONSE ISO MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL - 1
No. 16-15814-TWD

126390.0019/6842831.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 69    Filed 01/04/17    Ent. 01/04/17 12:20:56    Pg. 1 of 5

## II. BACKGROUND FACTS

Lodge Holdings Company ("**Holdings**") and six of Holdings' wholly-owned subsidiaries (the "**Debtor Subsidiaries**") are the debtors in the above-captioned administratively consolidated Chapter 11 case. Two of Holdings' other wholly-owned subsidiaries are not in bankruptcy, West Seattle Lodge LLC and Renton Lodge LLC (the "**Non-Debtor Subsidiaries**").

On or around June 10, 2016, CBC extended a non-revolving credit (the "**Loan**") to Holdings, the Debtor Subsidiaries, and the Non-Debtor Subsidiaries (collectively, the "**CBC Debtors**"), evidenced, in part, by that certain Secured Promissory Note dated as of June 10, 2016, in the stated principal amount of Eight Hundred Twenty-Five Thousand Dollars ($825,000) (as amended from time to time, the "**Note**"), plus accrued interest at a fixed rate of thirteen and one half percent (13.5%). The Note and all other documents, instruments, amendments, modifications, and agreements relating to, and expressly referencing the Loan shall collectively be referred to herein as the "**Loan Documents**."

The CBC Debtors' obligations under the Loan are secured by a security interest in favor of CBC in and to all of the CBC Debtors' presently owned and thereafter acquired inventory, accounts, general intangibles, rights to payment, and equipment, together with all products and proceeds of the foregoing (as more fully described in the Loan Documents, the "**Collateral**").[1] CBC also holds a security interest in Collateral owned by the Non-Debtor Subsidiaries. The Loan is also personally guaranteed by the CBC Debtors' principal, Shawn Roten ("**Roten**"), and secured by a deed of trust on Roten's residence.

The Loan, as amended, will mature by its terms on June 10, 2017. Debtors remain indebted to CBC for the unpaid principal balance owing on the Note in the amount of $850,000, plus interest, attorney's fees, costs, and other expenses owing under the Loan Documents.

---

[1] The relative lien priorities of CBC and other secured creditors with respect to inventory, accounts and general intangibles are set forth on Schedule A to the Debtors' proposed form of order granting the Cash Collateral Motion. *See* ECF No. 48.

RESPONSE ISO MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL - 2
No. 16-15814-TWD

126390.0019/6842831.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 69    Filed 01/04/17    Ent. 01/04/17 12:20:56    Pg. 2 of 5

## III. LEGAL ARGUMENT

All of Holdings and the Debtor Subsidiaries' revenue is derived from proceeds of sale of inventory, which, together with all of the estates' cash on hand as of the date of filing and any post-petition proceeds of CBC's pre-petition Collateral, constitute cash collateral (the "**Cash Collateral**"). 11 U.S.C. § 363(a). Holdings and the Debtor Subsidiaries are prohibited from using the Cash Collateral without either CBC's consent or the Court's authorization. 11 U.S.C. § 363(c)(2). If the Court authorizes use of the Cash Collateral, the Court must condition such use on sufficient adequate protection of CBC's interest. 11 U.S.C. § 363(e).

The adequate protection required under Section 363 may be provided in three ways: (1) by requiring the Debtors to make periodic cash payments to CBC, (2) by providing CBC with additional or replacement liens, and/or (3) by granting CBC administrative expense priority under Section 503(b)(1). 11 U.S.C. § 361. Each of these means of providing adequate protection is designed to offset the anticipated decrease in value of CBC's interest in the Collateral while this administratively consolidated case is pending and the Debtors are using the Cash Collateral. *Id*.

The Ninth Circuit has acknowledged that an equity cushion may serve as a sufficient basis for adequately protecting a secured creditor's interest; however, such a determination depends on the facts of the specific case. *See In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). In making that determination, the Non-Debtor Subsidiaries, Roten, and their assets are irrelevant. Nothing in the Bankruptcy Code alters a creditor's right to seek full payment from the bankrupt debtor "before or in lieu of seeking payment from third-party sources." *In re Sacred Heart Hosp. of Norristown*, 182 B.R. 413, 418 n. 3 (Bankr. E.D. Pa. 1995); *see also In re Gessin*, 668 F.2d 1105, 1107 (9th Cir. 1982) ("It has long been established that a creditor is entitled to pursue his claims against others liable on the same debt to the full extent of the amount owed on that debt."); *R.F.C. v. Denver & R.G.W.R. Co.*, 328 U.S. 495, 529, 66 S. Ct. 1282, 1300, 90 L. Ed. 1400 (1946) ("The rule is settled in bankruptcy proceedings that a

RESPONSE ISO MOTION FOR ORDER AUTHORIZING
INTERIM USE OF CASH COLLATERAL - 3
No. 16-15814-TWD

126390.0019/6842831.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 69    Filed 01/04/17    Ent. 01/04/17 12:20:56    Pg. 3 of 5

creditor secured by the property of others need not deduct the value of that collateral or its proceeds in proving his debt."). Without considering the Non-Debtor Subsidiaries, Roten, and their assets, the strength of CBC's interest in the Debtors' Collateral is uncertain. Allowing the Debtors to use CBC's cash collateral without adequate protection would deprive CBC's benefit of the bargain with respect to its secured loan in contravention of Section 363. *See, e.g., In re Am. Mariner Indus., Inc.*, 734 F.2d 426, 431 (9th Cir. 1984) *overruled on other grounds by United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988)).

Even if the Court were to consider Roten's personal guaranty, the record is void of any facts indicating that Roten or his residence adequately protect CBC's interests which is fatal to the UST's position that the Court should authorize the use of cash collateral without replacement liens or adequate protection payments. 11 U.S.C. § 363(p)(1); *see also Lombardo's Ravioli Kitchen, Inc.*, No. 08–20774, 2009 WL 585814, at *1 (Bankr. D. Conn. Feb. 20, 2009); *see also In re Swedeland Development Group, Inc.*, 16 F.3d 552, 564 n. 14 (3d Cir. 1994) ("The sufficiency of [a third-party guaranty] would depend, inter alia, on the financial strength of the guarantor."); *In re Carolina Utilities Supply Company, Inc.*, 118 B.R. 412 (Bankr. D. S.C. 1990) (unsecured guaranty did not constitute adequate protection where there was no evidence in the record about the guarantor's financial condition). Likewise, the record is void of any tangible evidence of the Non-Debtor Subsidiaries' financial conditions. At best, the UST asserts that West Seattle Lodge LLC is "apparently solvent," while Renton Lodge LLC is not yet operating and has no set opening date. In short, the UST's request that the Court authorize the Debtor's use of cash collateral without adequate protection effectively deprives CBC of its personal property collateral and proposes that CBC look to non-debtor collateral of unspecified and unsubstantiated value.

## IV. CONCLUSION

For the foregoing reasons, CBC respectfully requests that the Court enter the Debtors'

RESPONSE ISO MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 4
No. 16-15814-TWD

126390.0019/6842831.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 69    Filed 01/04/17    Ent. 01/04/17 12:20:56    Pg. 4 of 5

proposed form of order attached to the Cash Collateral Motion, in recognition of the detriment to CBC if the Debtor dissipates its Collateral without replacement liens and adequate protection payments.

DATED: January 4, 2017

LANE POWELL PC

By */s/ Gregory R. Fox*
Gregory R. Fox, WSBA No. 30559
Skyler M. Tanner, WSBA No. 46304
Telephone: 206.223.7000
Facsimile: 206.223.7107
Attorneys for Creditor CBC Partners I, LLC

RESPONSE ISO MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL - 5
No. 16-15814-TWD

126390.0019/6842831.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Case 16-15814-TWD    Doc 69    Filed 01/04/17    Ent. 01/04/17 12:20:56    Pg. 5 of 5