**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

JUDGE: Timothy W. Dore
DATE: August 11, 2017
TIME: 9:30 a.m.
CHAPTER: 11
LOCATION: Seattle
RESPONSE DATE: August 4, 2017

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re: | No. 16-15814-TWD (Lead Case) |
| LODGE HOLDINGS COMPANY, | No. 16-15849-TWD |
| Mukilteo Lodge, LLC, | No. 16-15850-TWD |
| Kirkland Lodge, LLC, | No. 16-15851-TWD |
| Stadium Lodge, LLC, | No. 16-15852-TWD |
| Downtown Lodge, LLC, | No. 16-15853-TWD |
| Mill Creek Lodge, LLC, | No. 16-15854-TWD |
| Greenwood Lodge, LLC | (Substantively Consolidated Cases) |
| Debtors. | **MOTION FOR ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, ASSUMPTION OF UNEXPIRED LEASES, ASSOCIATED PROCEDURES AND GRANTING RELATED RELIEF** |

Sheena R. Aebig, the duly-appointed Chapter 11 Trustee ["Trustee"] for the debtors whose cases are consolidated ["Consolidated Debtors"] under *In re Lodge Holdings Company,* No. 16-15814, has entered into an Asset Purchase Agreement ["APA"] with CBC Partners I, LLC or assigns [collectively "CBC"], pursuant to which CBC would purchase all assets (excluding cash, receivables, and avoidance actions) of the estates of the Consolidated Debtors. Accordingly, the Trustee moves for entry of orders (a) approving sale of the debtors' assets free and clear of liens and

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 1

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc
Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 1 of 15

assumption/assignment of unexpired leases and executory contracts to CBC or other approved purchaser, together with related relief including procedures to determine issues relating to cure and adequate assurance of future performance in connection with the proposed assumption and assignment of the debtors' unexpired leases and executory contracts, and/or (b) <u>only in the event of timely response indicating potentially qualifying competing offer interest</u>, approving procedures for an auction, determination of the best offer, and approval of the best offer by the Court, together with related relief. The Trustee asserts that the United States Bankruptcy Court, Western District of Washington at Seattle ["Court"] has jurisdiction over this proceeding under 28 U.S.C. § 1334, this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N) and other applicable law, and the Court has authority to enter final orders granting the requested relief under 11 U.S.C. §§ 363, 365, 506(c), 105, and other applicable law.

**A.     BACKGROUND**

The parent company debtor, Lodge Holdings Company, filed a voluntary Chapter 11 petition on November 18, 2016. The other Consolidated Debtors (Mukilteo Lodge, Kirkland Lodge, Stadium Lodge, Downtown Lodge, Mill Creek Lodge, and Greenwood Lodge) filed voluntary Chapter 11 petitions on November 21, 2016. Debtor West Seattle Lodge, LLC filed a separate, later voluntary Chapter 11 petition on February 27, 2017. The estates of the Consolidated Debtors have been substantively consolidated by order of the Bankruptcy Court; the West Seattle estate remains separate at this time. Each of the debtors other than the parent holding company, Lodge Holdings [the "Subsidiary Debtors"], continues to operate a restaurant in a location in the state of Washington, and is the tenant under a premises lease. None of the premises leases has been assumed or rejected

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 2

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 2 of 15

as of the filing of this Motion. The leases of the Consolidated Debtors may be summarized:

    1.    Lease executed on or about November 12 and 13, 2012, between IC USA # 8 Property Limited Partnership as Landlord and debtor Stadium Lodge LLC as Tenant, as the same may be amended, for certain premises located at 401 Second Avenue South, Seattle, WA 98104;

    2.    Lease dated as of August 28, 2009, between Mukilteo Ridgewood, LLC as Landlord and debtor Mukilteo Lodge LLC as Tenant, as the same may be amended, for certain premises located at 7928 Mukilteo Speedway, Suite 101, Mukilteo, WA 98275;

    3.    Lease with reference date of December 15, 2011, between RH Lake Associates, LLC as Landlord and debtor Kirkland Lodge LLC as Tenant, as the same may be amended, for certain premises located at 107 Lake Street, Kirkland WA 98033;

    4.    Lease dated November 21, 2014, between Limantzakis Properties No. 1, LLC as Landlord and debtor Greenwood Lodge LLC as Tenant, as the same may be amended, for certain premises located at 8501 Greenwood Ave. N., Seattle, WA 98103;

    5.    Lease dated April 18, 2014, between Executive Hotel Seattle, LLC as Landlord and debtor Downtown Lodge LLC as Tenant, as the same may be amended, for certain premises located at 400 Spring Street, Seattle, WA;

    6.    Lease dated April 14, 2014, between Octagon Capital Group, LLC as Landlord and debtor Mill Creek Lodge LLC as Tenant, as the same may be amended, for certain premises located at Creekside Village, 15129 Main Street, Mill Creek, WA 98012.

The deadline for assumption or rejection of the unexpired leases was June 19, 2017 for the IC USA # 8 (Stadium Lodge) and Executive Hotel (Downtown Lodge) leases (the Trustee has filed a motion to assume those leases effective and conditioned upon closing of a sale transaction as proposed in this Motion), and is September 30, 2017 for the remaining leases as extended and according to terms provided in a prior motion and order extending time for assumption or rejection of those remaining leases.

On January 11, 2017, the Court appointed the Trustee in the now consolidated cases

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 3

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

(excluding West Seattle Lodge),[1] for cause. The Trustee devoted substantial time and resources to attempting to obtain reasonable accounting and financial data by which to determine the profitability of the "Lodge Sports Grill" restaurants operated by the Subsidiary Debtors. Her initial assessment is summarized in the Chapter 11 Trustee's Interim Report of Investigation and Recommendations filed March 23, 2017 in the Lodge Holdings case. Although the Consolidated Debtors have recently filed a plan of reorganization whereby their owners, Shawn Roten and Elizabeth Stewart, would retain ownership of the debtors' assets, the Trustee is and has been deeply skeptical that any such plan would be feasible absent a massive infusion of capital, any source of which is unknown to the Trustee.

Among other things, amended proofs of claim filed by the IRS in the cases of the Consolidated Debtors show prepetition debt (most if not all of which is secured and/or priority debt) of nearly $2.2 million.[2] Amended proofs of claim filed by the State of Washington show prepetition debt (most if not all of which is at least priority debt) in excess of another half million dollars. CBC asserts a perfected security interest in all assets of the debtors to secure debt in excess of $920,000.[3] Administrative expenses of the Trustee, her professionals, and other postpetition creditors may fluctuate drastically depending on the timing of closing of a sale transaction in relation to payment

---

[1] Hearings upon motion to convert or dismiss the West Seattle Lodge case, and for appointment of a trustee therein, have been continued to July l4, 2017.

[2] Based upon a preliminary review, the Trustee believes approximately $770,000 of this amount may be prior to the security interests of CBC (i.e., in "first position").

[3] American Express has filed a secured proof of claim for approximately $7,500, appearing to be secured in assets of Mukilteo Lodge, which if allowed, would be paid from sale proceeds. Executive Hotel Seattle asserts a claim secured by assets of Downtown Lodge, related to financing of improvements at that location. The Trustee expects the secured claim of Downtown Lodge to be assumed by CBC or any purchaser of the Downtown Lodge assets. Certain documentation, for example, promissory notes, suggests that private lenders to one or more Lodge entities or entities who are not precisely identified as one of the debtors, may have expected to be secured in certain furniture, fixtures and equipment at certain Lodge locations, but the Trustee has no evidence of the perfection of any such security interests.

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 4

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

cycles for taxes, rent and the like. The Trustee has seen no evidence that the debtors can generate sufficient cash and periodic net cash flow, to pay secured and priority claims according to the requirements of 11 U.S.C. § 1129.

The Trustee has made discreet, non-public inquiry with experienced restauranteurs and a potential broker for the restaurant assets of the debtors, and has provided nondisclosure agreements to a handful of potentially interested parties. However, the Trustee has not to date concluded a formal or sustained marketing program to be realistic. The operations of the debtors have continued, post-petition and subsequent to the Trustee's appointment, to rely heavily upon the continued involvement of Mr. Roten. Mr. Roten has insisted that an internal reorganization is possible and has been previously unwilling to agree to sale or shut down of any of the restaurants. Furthermore, the short time available for assumption or rejection of premises leases, which is limited by 11 U.S.C. § 365(d)(4), has limited available options. However, <u>the Trustee has had no indication from her informal inquiries, of any realistic probability that sale of the restaurant assets could generate sufficient proceeds to pay all secured, priority and administrative debt in these cases</u>. Additionally, the Trustee has to date considered it highly improbable that a third-party purchaser, not previously familiar or involved with the Lodge restaurants, would expend the time and resources necessary to complete all due diligence required to generate a binding, non-conditional offer while the debtors may be pursuing a plan of reorganization that, if confirmed, would render a purchase offer moot.

The Trustee believes that without insertion of new management and capital, despite the possibility the restaurants could generate some degree of operating profit, the restaurants will ultimately fail for inability to retire all secured and priority debt and effect cure and adequate assurance

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 5

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

of future performance with respect to premises leases, A failure of the restaurants would likely leave all creditors, including secured and priority creditors, substantially unpaid. In the unfortunate circumstances of these cases, the Trustee believes a sale of assets, even if insufficient to retire all secured and priority debt, is preferable to a probable forced liquidation with extremely limited recovery for creditors. The proposed sale of assets to CBC would generate $1,005,000 cash available to apply toward the IRS first priority secured claim (discounted payoff at $420,000), substantial lease cure amounts (estimated to be up to approximately $300,000), and administrative expenses of the United States Trustee (fees to be paid in full) and, pro rata, unpaid postpetition taxes payable by Seller under the APA, if any, together with compensation to the Trustee and her professionals (subject to Court allowance and likely payable only at a significant discount based on currently accrued hourly charges).

**B.     PROPOSED SALE**

A copy of the proposed APA is attached hereto as <u>Exhibit 1</u>. In the event of inconsistencies between the APA and the summary of major terms of sale provided in this Motion, the APA shall govern. In general, the APA and Trustee's proposed procedures provide:

    1.     <u>Acquired Assets</u>. All assets of the Consolidated Debtors, including without limitation, inventory, intellectual property, leaseholds, FF&E (excluding the Greenwood Lodge FF&E), , and intangibles, free and clear of claims, interests and encumbrances.

    2.     <u>Purchase Price</u>. Cash of $1,005,000 (One Million Five Thousand Dollars), purchaser' assumption of certain postpetition trade payables, payroll, and taxes, and purchaser's assumption of the CBC secured debt in estimated amount of $920,556.69 calculated as of May 11, 2017, with additional interest and charges accruing thereafter.

    3.     <u>Assumption and assignment of leases and contracts</u>. The above-described premises leases, unless specifically excluded by agreement of CBC and the Trustee, are to be assumed and assigned, at closing, to CBC. The additional contracts identified as "Acquired

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 6

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 6 of 15

Contracts" under the APA, Schedule 1.1(c), are also to be assumed and assigned, and consist primarily of:lease obligations for dishwashers in the Stadium and Mill Creek Lodge locations..

    4.  <u>Conditions</u>.  CBC has satisfied or waived due diligence and financing conditions.  CBC's obligation to close is conditioned without limitation upon (a) Court approval of the APA (specifically including a provision for reimbursement of up to $50,000 of CBC's expenses in connection with due diligence and the proposed purchase, as an administrative expense in the event a sale to CBC fails to close for any reason other than as the result of CBC's actions, as to which Trustee seeks Court approval immediately and without regard to whether an auction is conducted and the results thereof), (b) entry of the Sale Order as described in the APA and in form submitted herewith, as the same may be amended with the consent of CBC, no later than 60 days following the execution date of the APA, which shall provide for the assumption and assignment of the premises leases and any identified executory contracts as described above; (c) entry into employment agreements with key employees of the debtors; (d) satisfactory evidence that all secured creditors who will not be paid in full through the sale transaction, consent to the transaction; (e) no material adverse change to the business, results of operations, prospects, condition or assets of the business; and (f) those other conditions provided in section 7.2 of the APA, and grounds for termination provided in Article 8 of the APA.

    5.  <u>Higher and Better Offers; Backup Offer</u>.  CBC consents to the proposed procedure for consideration of competing offers, outlined as follows.  The Trustee requests that the Court enter an order approving the proposed procedures, but only in the event that credible competing bid interest is timely received by the Trustee:

    a.  <u>Responses.</u>  Any party interested in making a competing bid must submit a written response to this Motion, to be received by the Response Date (August 4, 2017), indicating that the party is prepared to offer $2,193,656 (Two Million One Hundred Ninety-Three Thousand Six Hundred Fifty-Six Dollars)[4] or more, for the assets of some or all of the debtors (not exceeding those assets that are subject to the CBC APA); and must both provide the Trustee, to be received by the date of initial hearing upon this Motion (August 11, 2017), both evidence satisfactory to the Trustee in her sole discretion, of the interested party's ability to close a qualifying transaction by August 31, 2017, and an executed nondisclosure agreement ["NDA"] in form acceptable to the Trustee.  No party shall be a Qualified Bidder until the Trustee has confirmed timely receipt of such evidence and the executed NDA.

    b.  <u>Unconditional, all-cash offers.</u>  A competing bidder shall have until August 21, 2017 to complete due diligence and satisfy all conditions to the competing bidder's offer.  A competing offer must be unconditional and for all cash, for the competing bidder to participate in the auction described below.  Without limiting the foregoing, the cash must be sufficient to result in

---

[4] This amount is $250,000 more than the combined total of cash and estimated, assumed CBC debt offered under the CBC APA.

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 7

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD  Doc 230  Filed 07/07/17  Ent. 07/07/17 15:42:50  Pg. 7 of 15

full payment of the CBC Loan as described in the APA, at closing.

      c.    <u>Form of APA and certain disclosures.</u>  By August 21, 2017, a competing bidder must submit two copies of its proposed asset purchase agreement, redlined against the CBC APA, to the Trustee.  Such proposed agreements should be as nearly identical to the CBC APA as possible given the lack of time and resources in the estates, for competing terms to be negotiated and implemented, <u>provided</u> that no reimbursement of expenses of due diligence, break-up fee, or similar consideration shall be provided by the debtors' estates to a competing bidder, whose due diligence and other expenses are to be borne solely by the competing bidder.  The competing APA must identify the purchaser with specificity and be accompanied by a disclosure of any connections between the competing bidder and ultimate purchaser on one hand, and the debtors, their owners and management on the other, including without limitation, disclosure of agreements made or intended to be made involving the owners or management of any of the debtors.  The Trustee in her sole discretion may determine whether any material alterations to the CBC APA are acceptable in the circumstances of these cases.

      d.    <u>Potential Auction.</u>  By August 23, 2017, the Trustee shall notify interested parties of any acceptable competing offers.  If one or more acceptable competing offers are received, then the Trustee will conduct an auction on August 25, 2017, at 10:00 a.m., at the offices of Trustee's counsel (address specified in the lower right corner of this pleading).  In order to bid, any competing bidder must deliver, at or prior to the scheduled time for commencement of the auction, good funds by cashier's or certified check, in the amount of $100,000, as an Initial Deposit toward closing of the competing bidder's purchase transaction.  The competing bidder must also execute an acknowledgment in form satisfactory to the Trustee in her sole discretion, that the competing bidder (i) has relied solely upon its own review, investigation, inspection and due diligence, (ii) has not relied upon any representations by the Trustee or her professionals regarding the assets of the estates or any matter material to the competing bidder's offer, (iii) is solely responsible for and will indemnify the estates from any claim for a broker's, finder's or similar fee, and (iv) acknowledges that the submission of a bid shall bind the competing bidder to close according to the terms of the APA approved by the Trustee and subject to Court entry of an order approving its bid.

      e.    <u>Qualified Bidders and Trustee's Discretion.</u>  Any parties satisfying all of the above conditions, and CBC, shall be considered Qualified Bidders.  The Trustee will conduct an auction according to procedures acceptable to the Trustee in her sole discretion, among the Qualified Bidders and CBC, to be announced at or prior to commencement of the auction.  For purposes of comparison with any competing bid, any bid by CBC shall be considered to include an additional $50,000 constituting the maximum Expense Reimbursement to CBC in event CBC is not the successful bidder, under section 10.2(c) of the APA.  Minimum bidding increments shall be $25,000.  For purposes of comparing bids, the Trustee in her sole discretion will determine the highest and best offer ["Winning Bid"] for presentation to the Court, taking into account, without limitation, (i) identity of the Qualified Bidder, (ii) number, type and nature of changes to the APA requested by the Qualified Bidder, (iii) extent to which the identity of the Qualified Bidder or such

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 8

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 8 of 15

modifications are likely to delay closing of the sale, and the cost or savings to the estates resulting from such modifications or delay, (iv) form and amount of the total consideration to be received by the bankruptcy estates, (v) financial strength of the Qualified Bidder, and (vi) whether the IRS consents to the transaction with the Qualified Bidder and the extent to which the Qualified Bidder's offer will provide value for assumption and assignment of leases and executory contracts, and to pay expenses of administration and other claims, in the estates with such consent of the IRS as may be required to make such value available to the estates.

f. <u>Trustee's Consideration of Bids and Report; Potential Backup Offer.</u> The Trustee will file a report with the Court within two business days following the auction, summarizing the results of the same and the Trustee's recommendation as to the Winning Bid. The Trustee's determination of the Winning Bid will be made by the Trustee in her discretion and exercise of business judgment in the circumstances of these cases. The Trustee may, with consent of a Qualified Bidder, in her discretion and exercise of business judgment in the circumstances of these cases, accept one qualifying bid as a "backup" offer ["Backup Bid"] to be closed in the event the offer approved by the Court is not timely closed.

g. <u>Sale Confirmation Hearing; Closing Deadlines; Related Relief.</u> The Trustee hereby requests that a hearing be set between August 30 and September 1, 2017, as the Court's calendar may permit, for the Court's consideration of the Winning Bid and any Backup Bid [the "Sale Confirmation Hearing"]. The Trustee shall request that the Court approve the Winning Bid for closing [if so approved by the Court, the "Approved Offer"] and any Backup Bid for closing in the event the Winning Bid is not timely closed [if so approved by the Court, the "Approved Backup"]. Closing of a particular transaction is conditioned upon the Court's entry of an order approving sale according to the terms of a Winning Bid and/or Backup Bid. Closing shall be scheduled for no later than September 8, 2017 ["Closing Deadline"], or in the event the Approved Offer is not timely closed, no later than September 15, 2017 ["Backup Closing Deadline"] as to any Approved Backup.

h. <u>Disposition of Initial Deposits.</u> As soon as practicable following completion of any auction, the Trustee shall return Initial Deposits delivered by unsuccessful bidders. The Trustee shall retain Initial Deposits delivered in connection with the Winning Bid and any Backup Bid pending closing, to be applied to the particular purchaser's obligation at closing. In the event the Court does not approve a Winning Bid or any Backup Bid at the Sale Confirmation Hearing, through no fault of the bidder, the Trustee shall return the Initial Deposit delivered by such bidder as soon as practicable following the Sale Confirmation hearing. If the Approved Offer fails to close the sale by the Closing Deadline, as a result of breach by the entity making or consummating that offer, the Initial Deposit provided as part of the Approved Offer will be forfeited to the debtors' estates, without limiting the Trustee's right to seek additional damages or remedies as a result of such breach. If the Approved Offer timely closes, the Initial Deposit delivered in connection with any Approved Backup will be returned as soon as practicable. If the Approved Backup fails to close by the Backup Closing Deadline, as a result of breach by the entity making or

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 9

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

consummating that offer, the Initial Deposit provided as part of the Approved Backup will be forfeited to the debtors' estates, without limiting the Trustee's right to seek additional damages or remedies as a result of such breach.

      i.    <u>Continuing Exclusive Jurisdiction of the Court.</u>  The Trustee hereby requests that in the event of questions or disputes as to the conducting of an auction, consideration or acceptance of bids, and any related matters, the Court grant the Trustee leave to request the instruction of the Court, and that the Court retain exclusive jurisdiction over all matters related to the instant motions and sale process.

By way of related relief, the Trustee anticipates that modifications to the proposed APA, compromises with creditors or parties in interest, or similar actions may be necessary or appropriate to facilitate a disposition of assets of the estates for value in these cases.  In event of such modifications, compromises and the like, the Trustee would seek to advise the Court as soon as practicable.  The Trustee hereby moves for entry of an order approving such modifications, compromises and similar matters as may arise in the sale process, at the initial hearing upon this Motion, or at the Sale Confirmation Hearing if competing purchase interest is timely asserted and an auction process results.

**C.**    **<u>ASSUMPTION OF UNEXPIRED LEASES</u>**

The Trustee moves, pursuant to 11 U.S.C. § 365 and other applicable law, for authority to assume and assign the unexpired leases and executory contracts, if any, that are subject to the CBC APA and any alternative APA that may be approved by the Court as the Approved Offer or Backup Offer, conditioned upon and effective at closing of the sale of assets pursuant to the Approved Offer or Backup Offer.  The Trustee requests that a hearing be set to consider any cure, adequate assurance of prompt cure, and adequate assurance of future performance issues that are not otherwise settled among a landlord on one hand, and the Trustee (or CBC or other submitted of the Approved Offer,

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 10

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 10 of 15

with the Trustee's consent) on the other, with associated dates for submissions to the Court.

D. **AUTHORITY AND ARGUMENT – ALLOCATION OF PROCEEDS**

11 U.S.C. § 363(b) authorizes a trustee to sell assets of the estate outside the ordinary course of business. A number of cases generally recognize that such a sale may be approved if a sound business purpose exists for the sale, the sale is in the best interest of the estate (i.e., the sale price is fair and reasonable), notice to creditors was proper, and the sale is made in good faith. *E.g.*, *In re Slates,* 2012 WL 5359489, at *11 (9th Cir BAP 2012), *citing In re Wilde Horse Enters., Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) *and In re Lionel Corp.,* 722 F.2d 1063, 1069 (2nd Cir. 1983). Given the massive tax obligations incurred by the Consolidated Debtors prior to the bankruptcy petition, the lack of evidence that the debtors can propose feasible and confirmable plans of reor-ganization, and the deadline for assumption or rejection of executory leases looming in these cases, there is obvious business justification for the proposed sale. The Trustee has explored options for disposition of the assets in good faith, believes CBC has acted in good faith in making its offer for the assets, and is aware of no collusion or attempt to take unfair advantages of other potential bidders.[5] Furthermore, the Trustee is aware of no evidence to support a contention that the assets are worth more than the secured and priority debt in the consolidated cases. In the circumstances, the Trustee believes that failure to sell all the assets promptly is likely to result ultimately in shut down of the businesses with little to no recovery for creditors.

11 U.S.C. § 363(f) authorizes sale of property free and clear of any interest in such property

---

[5] As noted, the Trustee requests immediate approval of the provision in the APA providing that CBC may seek reimbursement of its reasonable due diligence and similar costs related to this transaction, as an administrative expense. The Trustee negotiated with CBC in good faith, to place a $30,000 cap on that potential reimbursement.

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 11

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

of an entity other than the estate, if an entity consents. The Trustee has approached the Internal Revenue Service, which has filed an amended proof of claim for approximately $2.2 million (of which approximately $770,000 may be senior to the blanket security interest of CBC in the assets of all debtors), to obtain consent to the proposed CBC sale. The Trustee understands that the IRS consents to the CBC sale and consents (or will not object) to the following allocation of the $1 million cash portion of the purchase consideration and related provisions:

    1.    IRS to receive $420,000 from the cash consideration;

    2.    Set aside of $7,497.93 to pay secured claim of American Express Bank, to the extent allowed;

    3.    Carveout or agreed 11 U.S.C. § 506(c) assessment for cure payments under leases and contracts to be assumed and assigned to CBC (estimated at up to approximately $300,000). The Trustee estimates that such cure payments should not exceed that amount and reserves the right to object to claimed defaults and cure amounts. The sum of $300,000 is to be set aside at closing, for the purpose of making such cure payments as the same may be settled with the Trustee or by CBC with the Trustee's consent, or determined at hearing.

    5.    The balance of the purchase price will be treated as a carveout or agreed 11 U.S.C. § 506(c) assessment to pay unpaid United States Trustee fees, unpaid postpetition taxes payable by Seller under the APA, if any, and allowed compensation to the Trustee and her professionals, subject to allowance by the Court. It is anticipated that the purchase price balance will be significantly less than the accrued hourly fees of the Trustee and her professionals (subject to statutory maximum compensation to the Trustee), and such allowed compensation and unpaid

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 12

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 12 of 15

postpetition taxes payable by Seller under the APA, if any, accordingly will be paid pro rata or as otherwise agreed among the Trustee and her professionals. The estimated amounts accrued by the Trustee and her professionals through May 2017, subject to application and allowance, are believed to be in the range of $300,000, and it is anticipated that additional substantial charges will be accrued thereafter and through completion of the cases.

6. The IRS consents to CBC inclusion of assumption of its debt as part of the CBC offer, despite insufficiency of the purchase price to pay all of IRS's secured claims.

7. If and to the extent amounts set aside above are not necessary for the identified purposes, the surplus may be applied to items paid pro-rata under paragraph (5) above, and in the unlikely event of a surplus, toward secured claims junior to the CBC secured claim.

In this regard, 11 U.S.C. § 506(c) authorizes a trustee to recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. The Trustee submits that virtually all of her services, those of her professionals, and the various trade, tax and similar obligations incurred have been necessary to preserve or dispose of property.

11 U.S.C. § 365(b) authorizes assumption of an executory contract or unexpired lease upon cure or adequate assurance of prompt cure, of defaults, compensation for losses resulting from default, and adequate assurance of future performance. Subsection (f) authorizes assignment of executory contracts and unexpired leases if adequate assurance of future performance is provided, regardless whether there has been a default.

WHEREFORE, the Trustee requests entry of order(s) in form accompanying this Motion, as

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 13

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 13 of 15

the same may be modified, providing the relief requested.

Respectfully submitted this 7th day of July 2017.

BUCKNELL STEHLIK SATO & ORTH, LLP<br>
/s/ Edwin K. Sato<br>
_____<br>
Thomas N. Bucknell, WSBA # 1587<br>
Edwin K. Sato, WSBA #13633<br>
Andrea D. Orth, WSBA # 24355<br>
Attorneys for Trustee, Sheena R. Aebig

## VERIFICATION

SHEENA R. AEBIG states:

1.  I am the duly-appointed Chapter 11 Trustee in the above-captioned cases, of legal age and competent to testify herein, and state the following based upon my personal knowledge and belief.

2.  I have reviewed the foregoing motion, and based upon such investigation and inquiries as I have been able to conduct or make in the period between my appointment and the date hereof, verify the factual assertions therein to be true to the best of my information and belief.

3.  In addition, I have discussed the proposed CBC sale transaction with counsel to the Internal Revenue Service, in light of the insufficiency of the proposed purchase price to pay all secured claims of the IRS and the anticipated administrative expenses of these cases. It appears that the IRS may have the first-position lien on assets of the estates by virtue of federal tax lien filings pre-dating the CBC UCC-1 filings, to the extent of nearly $770,000. The IRS has consented to a reduced payment of $420,000, specifically as to the cash purchase consideration provided in the CBC offer, as summarized in the Motion.

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 14

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 14 of 15

I declare under penalty of perjury that the foregoing is true this 7th day of July 2017.

/s/ Sheena R. Aebig

Sheena R. Aebig

Motion for Order Approving Sale
of Assets Free and Clear of Liens, Etc. - 15

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 $ fax (206) 587-0277

W:\CLIENTS\3702\103\motion re sale of assets final.doc

Case 16-15814-TWD    Doc 230    Filed 07/07/17    Ent. 07/07/17 15:42:50    Pg. 15 of 15